UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANGEL MOYA-CABRERA,<br>A-Number: 221-492-229,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No. 2:26-cv-00782-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Docs. 1, 15, 18)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Luis Angel Moya-Cabrera is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He challenges his continued detention without a bond hearing and seeks immediate release. (Docs. 1, 15, 18). After the District Judge denied Petitioner's motion for temporary restraining order, the matter was referred to the undersigned for further proceedings on the petition. (Doc. 9). For the reasons discussed below, the undersigned recommends that the petition (Doc. 1) be **GRANTED IN PART**, such that Petitioner be afforded an individualized bond hearing before an immigration judge at which the Government bears the burden of justifying continued detention, and that the petition (Doc. 1) and the successive requests (Docs. 15, 18) be **DENIED IN PART** to the extent immediate release is sought.

## II. BACKGROUND

Petitioner is a native and citizen of the Dominican Republic. (Doc. 7-1). Petitioner entered the United States at an unknown location and date, without being admitted, inspected, or paroled by an immigration officer. (*Id.*). On January 30, 2026, the Department of Homeland Security charged him as removable and inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (alien present without admission or parole) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant without valid entry documents). (Doc. 7-1; Doc. 7-2). Removal proceedings under 8 U.S.C. § 1229a are pending. (Doc. 7 at 2).

The detention at issue traces to a state criminal matter. On July 23, 2025, New Jersey authorities arrested Petitioner in connection with a theft-related incident, and he was charged with second-degree leader of organized retail theft enterprise (N.J.S.A. 2C:20-11.2), possession of altered property (N.J.S.A. 2C:20-7.1A), and receiving stolen property (N.J.S.A. 2C:20-7A). (Doc. 15, Ex. A). At the time of his arrest, the New Jersey judiciary's Preliminary Public Safety Assessment scored Petitioner at the lowest level on both the failure-to-appear and new-criminal-activity scales, and he was released on a summons rather than detained. (Doc. 15 at 5, Ex. A). The New Jersey charges remain pending and unadjudicated. (Doc. 20 at 2). Following a post-indictment arraignment on May 11, 2026, the case was set for a pretrial conference, and Petitioner's state counsel anticipates a continuance of that conference and is pursuing a probationary disposition. (*Id.*). The record further reflects that police departments in Smithfield, Rhode Island, and Woodstock, Virginia, issued warrants for Petitioner's arrest in April 2024 and April 2025, respectively. (Doc. 7-2).

On January 30, 2026, U.S. Immigrations and Customs Enforcement ("ICE") arrested Petitioner on an administrative warrant, and he has remained in immigration custody since that date, which is now approximately six months. (Doc. 7-2; Doc. 20 at 2). He is detained at the California City Correctional Facility. (Doc. 20 at 2).

On March 9, 2026, Petitioner filed his section 2241 petition and a motion for a temporary restraining order. (Docs. 1, 2). Respondents opposed relief. (Doc. 7). On March 18, 2026, the District Judge denied the temporary restraining order and referred the matter to the assigned

Magistrate Judge. (Doc. 9). The District Judge determined that although Petitioner's motion relied on authorities addressing 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226(a), his "detention appears to be under 8 U.S.C. § 1226(c)(1)(E)," that Petitioner "was arrested for 'theft' within the meaning of" that provision, and that "his detention is governed by that provision." (*Id.*). The District Judge denied preliminary relief because Petitioner's motion "does not address the correct statute governing his detention." (*Id.*).

On March 27, 2026, the then-assigned Magistrate Judge appointed counsel for Petitioner. (Doc. 11). Petitioner requested to hold the case in abeyance pending the New Jersey state action (Doc. 13), and then withdrew the request and instead sought immediate release, contending that the application of section 1226(c)(1)(E) to mandatorily detain him on an unadjudicated charge, absent any conviction or individualized finding of dangerousness or flight risk, violates the Due Process Clause (Docs. 15, 18). Subsequently, Petitioner supplemented the record with evidence of family ties, including documentation concerning a lawful, permanent resident partner and a United States citizen child, and a packet of character letters. (Docs. 17, 18-1). On July 16, 2026, the parties filed a joint status report confirming that briefing is complete and that neither party seeks further briefing before the Court rules. (Doc. 20). The matter is submitted.

## III. DISCUSSION

### A. Jurisdiction

"[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Correctional Facility in California City, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Respondents contend that the Laken Riley Act amended the judicial review provision at 8 U.S.C. § 1226(e) forecloses review of discretionary custody determinations. Nonetheless, the Laken Riley Act does not bar the constitutional question posed here about whether a hearing is

owed under the Due Process Clause. The Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing, and that question remains within the Court's jurisdiction.

**B. Petitioner's Detention Is Governed by 8 U.S.C. § 1226(c)(1)(E)**

The District Judge has already determined that Petitioner's detention is governed by 8 U.S.C. § 1226(c)(1)(E). (Doc. 9). Section 1226(c)(1)(E) requires the detention of any alien who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a)" and who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense." 8 U.S.C. § 1226(c)(1)(E).

Here, Petitioner was charged as inadmissible under section 1182(a)(6)(A)(i) and (a)(7). (Doc. 7-2). Further, section 1226(c)(1)(E) reaches an alien who has been charged with or arrested for a qualifying theft offense, even absent a conviction. As the District Judge found, Petitioner "was arrested for 'theft' within the meaning of 8 U.S.C. § 1226(c)(1)(E) and that his detention is governed by that provision." (Doc. 9). To the extent Petitioner argues otherwise, the argument is foreclosed by the District Judge's determination (Doc. 9) and by the statute's plain text.

Separately, the undersigned does not reach the Respondents' alternative reliance for detention on section 1225(b)(2). (Doc. 7 at 2). Because of the District Judge's determination and that the prolonged-detention analysis below resolves the petition, the section 1225(b)(2) question need not be decided. Nor does the undersigned reach Petitioner's contention that the application of section 1226(c)(1)(E) to mandate detention on an unadjudicated criminal charge is unconstitutional. (Docs. 15, 18). Because Petitioner is entitled to relief on the narrower ground that his detention has becoming unreasonably prolonged, the undersigned need not decide the broader constitutional question.

///

**C. Petitioner's Detention Has Become Unreasonably Prolonged**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Petitioner's detention is effectively open-ended. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Here, the statutory predicate for Petitioner's detention is tied to a New Jersey criminal case that remains unresolved, has already been continued, and by his state counsel's account is likely to be continued again for months. (Doc. 20 at 2). Thus, Petitioner's immigration confinement is contingent on a state proceeding with no ascertainable conclusion, compounding the Due Process problem that lengthening detention already presents. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, in light of the six months of detention here with no ascertainable endpoint, the *Mathews* balancing test now favors an individualized hearing.

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been in ICE custody since January 30, 2026—approximately six months—without any bond hearing or individualized custody determination. This detention period exceeds the four-month figure the Supreme Court described in *Demore* as the outer range for a section 1226(c) detainee who pursues an appeal. 538 U.S. at 529–30. This factor weighs substantially in Petitioner's favor.

Additionally, as discussed above, the record establishes no anticipated endpoint. The record reflects that there is some delay in Petitioner's New Jersey criminal proceedings. (Doc. 20 at 2). However, the record is unclear as to the cause(s) of the continuances. Nonetheless, Petitioner's counsel in the New Jersey action appears to be negotiating a probationary disposition on behalf of Petitioner. (*Id.*). Accordingly, the undersigned does not weigh the continuances against Petitioner.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received no individualized

bond hearing before an immigration judge. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may carry its burden, the probable value of subjecting its allegations to individualized scrutiny after six months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

Respondents' contention that the process due is a determination whether Petitioner is "properly included" in a mandatory detention category does not alter this conclusion. (Doc. 7 at 4). A *Joseph* hearing tests whether a detainee is properly included within section 1226(c), meaning whether the government is substantially unlikely to prevail on the charge that triggers mandatory detention. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). It reaches neither dangerousness nor flight risk, and it does not address Petitioner's constitutional claim.

Petitioner's argument that a dangerousness and flight-risk determination has already occurred and thus necessitates Petitioner's immediate release (Docs. 15, 18) is misplaced. Such a determination was made in a Preliminary Public Safety Assessment by the New Jersey judiciary. (Doc. 15, Ex. A). The danger and flight-risk questions—including any bearing of the criminal charges and of Petitioner's family and community ties—are for the immigration judge to weigh in the first instance at a properly conducted individualized custody hearing. The New Jersey judiciary's preliminary assessment conclusions are not a substitute for the individualized custody determination under the Due Process Clause.

iii. <u>Government's Interest.</u>

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing

imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately six months without review, particularly in light of the fact that Petitioner has not yet been convicted of any crimes. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART**;
2. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention; and,
3. The petition (Doc. 1) and subsequent requests (Docs. 15, 18) be **DENIED IN PART** to the extent Petitioner's immediate release is sought.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document

should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE